NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALVIN DEMOND COOPER, *Petitioner*.

No. 1 CA-CR 25-0540 PRPC

FILED 07-06-2026

Petition for Review from the Superior Court in Maricopa County
No.  CR2023-152577-001, CR2024-112636-001
The Honorable David J. Palmer, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Law Office of Stephen M. Johnson, Inc., Phoenix
By Stephen M. Johnson
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Veronika Fabian joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

¶1 Petitioner Alvin Demond Cooper seeks review of the superior court's order summarily dismissing his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure 33. We have considered the petition for review and grant review and deny relief.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 Cooper pled guilty to promoting prison contraband, a class two felony, and shoplifting, a class one misdemeanor, in CR2023-152577-001, and to first-degree criminal trespass, a class six felony, in CR2024-112636-001. *See* A.R.S. §§ 13-2505(G), -1805(H) and -1504(A)(1), (B). The plea agreements provided a sentencing range of five to ten years in prison for the promoting prison contraband charge, a terminal disposition for the shoplifting charge and supervised probation for the trespass charge.

¶3 At the sentencing hearing, defense counsel requested a five-year prison term, citing Cooper's substance-abuse issues and his participation in classes during incarceration as mitigating factors. Cooper personally addressed the court and also requested a five-year prison term, referencing his mental health problems and desire for treatment. The court acknowledged Cooper's sincerity and intent to change but concluded his criminal history outweighed the mitigating factors and imposed a slightly aggravated six-year prison term.

¶4 Cooper filed a PCR petition raising two claims: (1) the sentencing court violated A.R.S. § 13-701(C) by imposing an aggravated sentence without properly weighing mitigating factors against aggravating circumstances, and (2) trial counsel was ineffective by failing to investigate and present Cooper's mental health records as mitigating evidence. The superior court summarily dismissed Cooper's petition, finding the sentencing court acted within its discretion when it found Cooper's

2

substantial criminal history outweighed the mitigating factors, and Cooper failed to show prejudice to prove ineffective assistance.

¶5        Cooper petitioned for review. We grant review under Article 6, Section 9 of the Arizona Constitution, A.R.S. § 13-4239(C) and Rule 33.16.

**DISCUSSION**

¶6        We review the superior court's PCR rulings for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021).

¶7        On review, Cooper repeats the arguments raised in his PCR petition. Neither is persuasive. First, Cooper does not show the sentencing court abused its discretion in weighing mitigating and aggravating factors. *See State v. Cazares*, 205 Ariz. 425, 427, ¶¶ 6–7 (App. 2003) (describing the court's sentencing discretion as "broad" and requiring that abuse of discretion be "clearly" apparent when the sentence imposed is within the statutory range); A.R.S. § 13-701(C) (permitting the court to deviate from the presumptive sentence if it finds sufficient aggravation or mitigation). The court acknowledged that Cooper wanted to change but concluded that his extensive criminal history outweighed the mitigating circumstances. A.R.S. § 13-701(D)(11) (prior convictions may constitute an aggravating circumstance). The court then imposed a slightly aggravated six-year prison term, which fell within the range permitted by the plea agreement.

¶8        Second, Cooper does not establish prejudice in his ineffective assistance claim. To prevail on such a claim, Cooper must show counsel's performance fell below objectively reasonable standards and he was prejudiced by the deficient performance. *Bigger*, 251 Ariz. at 407, ¶ 8 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). To demonstrate prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Anderson*, 257 Ariz. 226, 234, ¶ 33 (2024) (citation omitted). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006).

¶9        Even assuming counsel performed deficiently by not obtaining and presenting mental-health records, Cooper fails to show a reasonable probability that he would have received a better result if the records had been offered. The sentencing court was aware of Cooper's mental health issues and his desire for treatment yet determined that his

criminal history outweighed those considerations. Cooper has not shown that more documents would have changed the court's decision.

## CONCLUSION

¶10　　　　Because Cooper does not show the superior court abused its discretion, we grant review and deny relief.

